COMMONWEALTH *vs.* BRYAN O'KEEFE.

Worcester.    October 3. — 23, 1876.    COLT & MORTON, JJ., absent.

An indictment charging a member of a voluntary association with the embezzlement
of money received by him from contributors, to be paid to the association, is not
sustained by evidence of a specific trust to pay over the money to the treasurer of
the association.

INDICTMENT on the Gen. Sts. *c.* 161, § 35, for larceny of money alleged to have been delivered to the defendant in trust and confidence to be by him delivered and paid over to the Washington Engine Company of Milford, a voluntary association and having a treasurer, Charles Peters, duly authorized to receive said money, and, before the defendant delivered and paid over said money to said company, embezzled and fraudulently converted by him to his own use.

At the trial in the Superior Court, before *Dewey*, J., the government offered evidence, which was not controlled, that the Washington Engine Company was an unincorporated association ; that Charles Peters, one of the members, was designated as treasurer ; that the defendant was one of the associates, and was chosen as chairman of a committee to solicit and collect subscriptions to pay the expenses of a band of music upon an excursion ; that the defendant, in pursuance thereof, collected a certain sum of money, and that Peters, in behalf of the company, demanded the money of him ; that he refused to pay it to Peters, and had never paid it to the company or for its use.

The defendant asked the judge to instruct the jury " that the defendant being a member of the company, money collected by him, to be paid to the company or to the band, would belong in part to him, and would not be the subject of embezzlement by him while in his hands."

The judge declined so to do, but ruled as follows : " If the jury find the money was delivered to the defendant to deliver to the treasurer of the association for the purpose of paying the expenses of the band, and he did not so deliver it, but fraudulently converted it to his own use, he should be convicted. But if the money was delivered to the defendant as a member of the association, toward providing for the payment of the band, and

not as a specific trust to pay over to the treasurer of the company, he cannot be convicted." The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*T. G. Kent*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

DEVENS, J. The defendant was a member of a voluntary unincorporated association called the Washington Engine Company, and as chairman of a committee collected money as a contribution to pay the expenses of a band of music, which money he afterwards refused to deliver to the treasurer of the association. Under the instruction given, as the defendant was convicted, it must have been found by the jury that the money was received by him upon the specific trust that he should pay the same over to the treasurer of the company. Upon examining the indictment, it appears, however, that the offence alleged therein is not averred to have been the violation of such a trust. It is there alleged that he received the money in trust and confidence to be by him delivered and paid over to the Washington Engine Company, and that, before the same was thus delivered and paid over, it was embezzled and fraudulently converted by him. It is recited in the indictment that one Charles Peters was the treasurer of the association, duly authorized to receive said money from the defendant. But it is not alleged that the defendant received it upon any trust or confidence that he should pay it to Peters as treasurer, or should pay it to the company through Peters ; and it is only upon finding this trust that the instruction permitted the defendant to be convicted, while, unless this trust existed, he was to be acquitted. Assuming it to be true, therefore, as contended by the counsel for the Commonwealth, that, if the defendant had only a special agency to carry and deliver the money to the treasurer, the title would remain in the donors, of whom he would be the agent merely, the difficulty remains that such is not the trust and confidence he is alleged by the indictment to have violated. An allegation that the money was received by the defendant, a member of an unincorporated company, to pay to the company, does not call upon the defendant to meet the charge of the violation of such a specific trust, and the conviction cannot therefore be maintained.

*Exceptions sustained.*